IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LA'KESHA MANNING, an individual,<br><br>                      Plaintiff,<br>    v.<br><br>FXI, a Pennsylvania Corporation, UBI 602 936 307,<br><br>                      Defendant. | No.<br><br>**NOTICE OF REMOVAL**<br>(Diversity)<br><br>(from King County Superior Court, Case No. 21-2-10766-1 SEA) |

TO:        The Clerk and the Honorable Judges of the U.S. District Court for the Western District of Washington;

AND TO:    La'Kesha Manning, Plaintiff;

AND TO:    Andrew Backlund, Counsel for Plaintiff.

      Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant FXI, Inc., which is misnamed as "FXI, a Pennsylvania Corporation" (hereinafter "Defendant"), by and through its undersigned attorneys, hereby removes this action from King County Superior Court to this Court on the grounds of diversity jurisdiction.

      The following statement is submitted under 28 U.S.C. § 1446(a):

NOTICE OF REMOVAL (DIVERSITY) - 1
(Case No. _____)

# COMMENCEMENT

1. Plaintiff filed her Complaint for Damages in King County Superior Court, designated as Case No. 21-2-10766-1 SEA on August 13, 2021. Declaration of Bryan P. O'Connor ("O'Connor Decl.") ¶ 2. A true and correct copy of Plaintiff's Complaint for Damages is attached hereto as **Attachment A**. Defendant was served with copies of the Summons and Complaint on August 13, 2021. *Id.* ¶ 3.

# DIVERSITY JURISDICTION

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between the parties; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

3. Plaintiff resides in Washington. **Attachment A**, Complaint ¶ 5. On information and belief, Plaintiff is a citizen of Washington.

4. FXI, Inc. is incorporated in Delaware, and its principal place of business is located in Radnor, Pennsylvania. Declaration of Courtney Damon ("Damon Decl.") ¶ 2. Therefore, Defendant FXI, Inc. is a citizen of Delaware and Pennsylvania. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010).

5. Complete diversity exists where each plaintiff is of diverse citizenship from each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Here, Plaintiff is a citizen of Washington, and Defendant is a citizen of Delaware and Pennsylvania. As a result, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a)(1), (c)(1).

NOTICE OF REMOVAL (DIVERSITY) - 2
(Case No. _____)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## AMOUNT IN CONTROVERSY

6. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

7. Under LCR 101(a), Defendant has a good faith belief that the amount in controversy exceeds $75,000, notwithstanding the fact that the Complaint and its Prayer for Relief do not specify the dollar amount of damages being sought, for the reasons stated in the following paragraphs.

8. Plaintiff alleges four separate causes of action that Defendant subjected her to racial discrimination (both disparate treatment and hostile work environment) in violation of the Washington Law Against Discrimination (WLAD), retaliation, and constructive discharge in violation of public policy. **Attachment A**, Complaint ¶¶ 43-93.

9. First, Plaintiff seeks economic damages. *Id.* at Prayer for Relief ¶ B. Under the WLAD, such damages include back pay and front pay. RCW 49.60.030(2); *e.g.*, *Martini v. Boeing Co.*, 137 Wn.2d 357, 359, 378 (1999). Back pay through trial and front pay both count towards the amount in controversy for removal purposes. *See Rush v. Victoria's Secret Stores, LLC*, Case No. C19-0985RSL, 2019 U.S. Dist. LEXIS 145706, at *2 (W.D. Wash. Aug. 27, 2019) (denying a motion to remand a WLAD case because the diversity jurisdictional threshold was met when including back pay through trial, potential emotional distress damages, and reasonable attorneys' fees); *Matthiesen v. AutoZone Stores, Inc.*, Case No. 2:15-CV-0080-TOR, 2015 WL 3453418, 2015 U.S. Dist. LEXIS 69932, at *6-7 (E.D. Wash. May 29, 2015) (back pay and front pay both count toward meeting the amount in controversy requirement).

10. At the time Plaintiff's employment ended on or about December 31, 2020, she was a full-time employee, earning a base salary of $125,000 per year, exclusive of benefits and

NOTICE OF REMOVAL (DIVERSITY) - 3
(Case No. _____)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

bonuses. Damon Decl. ¶ 3.  Therefore, if Plaintiff is successful at a trial, quite conservatively estimated at 12 months from now, Plaintiff reasonably could recover approximately $218,750 through trial in backpay alone, not including prejudgment interest or other possible damages enhancements. O'Connor Decl. ¶ 4.  Further, if successful at trial, it is also possible that Plaintiff might be awarded front pay in addition to an award of back pay. *Id.*

11. Second, Plaintiff seeks his attorneys' fees and costs, which itself is reasonably expected to exceed the $75,000 amount in controversy requirement. **Attachment A**, Complaint, Prayer for Relief ¶ E.  Attorney's fees are included in computing the amount in controversy. *E.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  This includes the amount of expected future attorneys' fees because they are "at stake" in the litigation. *Id.* at 794 (quoting and applying *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)). RCW 49.60.030(2) and Washington case law on the claim of termination in violation of public policy both authorize an award of reasonable attorneys' fees to a successful plaintiff.  If Plaintiff prevails at trial, it is reasonable to conclude that her attorneys' fee petition alone would exceed $75,000. O'Connor Decl. ¶ 5.

12. Additionally, prior to filing the state court action, Plaintiff's counsel submitted a written settlement demand claiming damages and seeking payment well in excess of $75,000 as a reasonable estimated value of Plaintiff's claims. *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002); O'Connor Decl. ¶ 6.

13. Based upon the foregoing, Plaintiff's Complaint for Damages, and her requested relief, the amount in controversy here exceeds $75,000, and this action is between citizens of different states.  Therefore, this Court has original jurisdiction over this civil action. 28 U.S.C. § 1332(a)(1).

NOTICE OF REMOVAL (DIVERSITY) - 4
(Case No. _____)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**STATE COURT PROCEEDINGS**

14. On August 13, 2021, Plaintiff filed her Complaint for Damages in King County Superior Court.

15. On August 13, 2021, the King County Superior Court issued an Order Setting Civil Case Schedule.

16. On August 13, 2021, a Case Information Cover Sheet was filed.

17. On August 13, 2021, Plaintiff filed a copy of the Summons.

18. On September 2, 2021, Defendant's counsel filed a notice of appearance in the state court action but have not filed any responsive pleadings.

19. No further proceedings have been had in the state court as of the date of this Notice.

**TIMELY REMOVAL**

20. This Notice of Removal is being timely filed within 30 days of August 13, 2021, when Defendant was served with the initial pleading upon which this removal is based. *See* 28 U.S.C. § 1446(b)(2)(B).

**VENUE**

21. Under 28 U.S.C. § 1441(a), this Court is the appropriate venue for removal because it is the federal district court for the district and division where the King County Superior Court case is pending.

**NOTICE TO THE STATE COURT AND TO PLAINTIFF
OF FILING NOTICE OF REMOVAL**

22. Under 28 U.S.C. § 1446(d), and as affirmed in the attached Declaration of Service, Defendant has served Plaintiff with this Notice of Removal and with the Notice to State Court of Removal to Federal Court. Under 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled Notice to State Court of Removal to Federal Court.

NOTICE OF REMOVAL (DIVERSITY) - 5
(Case No. _____)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**STATE COURT RECORDS**

23. Under 28 U.S.C. § 1446(a) and LCR 101(b)(1), Defendant is attaching a true and correct copy of the Complaint as **Attachment A**. Under LCR 101(c), a Verification of State Court Records will be filed within 14 days of this Notice of Removal, which will include copies of the original pleadings, as well as copies of all additional records and proceedings appearing in the state court file, under a verification by counsel that these are true and complete copies of all the records and proceedings in the state court proceeding.

24. Defendant reserves the right to amend or supplement the statement of Defendant's grounds for removal of this case based upon discovery exchanged between the parties or circumstances that become known during the investigation of the case.

25. Based on the above, Defendant respectfully ask this Court to accept removal of this action on the ground of diversity jurisdiction.

DATED this 9th day of September, 2021.

Respectfully submitted,

JACKSON LEWIS P.C.

By: _____
Bryan P. O'Connor, WSBA #23867
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone:  206-626-6423
Facsimile:  206-405-4450
Bryan.OConnor@jacksonlewis.com

By: _____
Jonathan M. Minear, WSBA #41377
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone:  206-626-6432
Facsimile:  206-405-4450
Jonathan.Minear@jacksonlewis.com
Counsel for Defendant FXI, Inc.

NOTICE OF REMOVAL (DIVERSITY) - 6
(Case No. _____)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was sent to the following:

| | |
|---|---|
| Andrew J. Backlund, WSBA #45775<br>Backlund Law Firm PLLC<br>1833 N. 105th Street, Ste 101<br>Seattle, WA 98133-8973<br>Email: andy@backlundlawfirm.com<br>Counsel for Plaintiff | ☒ via CM/ECF System<br>☒ via Electronic Mail<br>☐ via USPS Mail<br>☐ via Federal Express<br>☐ via Hand-delivery<br>☐ Other: _____ |

DATED this 9th day of September, 2021.

_____
Susan Grimes

4813-7799-5770, v. 1

NOTICE OF REMOVAL (DIVERSITY) - 7
(Case No. _____)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404