UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKESHA MANNING , <br><br> Plaintiff, <br><br> v. <br><br> FXI INC. , <br><br> Defendant. | CASE NO. 2:21-cv-01233-LK <br><br> **ORDER REGARDING MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS** |

Defendant's Motion to Compel Discovery, Dkt. 18, was referred[1] to the undersigned United States Magistrate Judge on June 30, 2022.

The parties appear to have largely resolved the discovery dispute at issue. However, the price paid to achieve that resolution has resulted in each side accusing the other of engaging in sanctionable conduct, and mutual requests that attorney fees be awarded.

The matter was formally initiated on June 16, 2022 when Defendant moved the Court to sanction Plaintiff for dragging her feet on providing a Rule 26 damages computation and failing to adequately answer Interrogatory 10. *Id*. at 11. The motion was noted for July 1, 2022, making Plaintiff's response due on June 27, 2022. Plaintiff failed to timely respond, and Defendant thus

---

[1] If the parties wish to consent to Magistrate Judge Tsuchida, the parties may email Andy_Quach@wawd.uscourts.gov. that they wish to consent. Once consent is given, the case will be reassigned to Judge Tsuchida who will preside over the entire case including entry of judgment.

ORDER REGARDING MOTION TO
COMPEL DISCOVERY AND FOR
SANCTIONS - 1

filed a reply on June 28, 2022, Dkt. 20. Defendant's reply avers, after the motion to compel was filed, Plaintiff (1) served a Rule 26 computation of damages and (2) submitted a second supplemental answer to Interrogatory 10, that "finally provided a complete enough response to that discovery as well." *Id.* at 2.

Defendant further averred Plaintiff had not yet provided a signed Rule 35 verification page for interrogatory answers served on March 18, June 16, and June 17, 2022, but based upon Plaintiff's lawyer's assurances that the verification pages were forthcoming, Defendant withdraws discovery requests for the verification pages but seeks sanctions. *Id.*

On June 29, 2022, Plaintiff filed an untimely response. Dkt. 22. Plaintiff's counsel avers he spoke with Defense counsel before the discovery motion was filed and gave assurances the requested discovery would be provided. Counsel contends his representation of Plaintiff has been marked by turbulence: he is closing his practice; Plaintiff has been unable to secure new counsel; and Plaintiff and counsel are "underfunded" for the litigation. Despite these challenges, counsel contends he made good faith efforts to resolve the present discovery dispute and sought clarification from Defense counsel about what Defendant sought in discovery. However, rather than embracing the spirit of the Court's "meet and confer" requirement, Plaintiff claims Defense counsel filed the instant motion.

Given the history of this case, the Court declines to award attorney fees to either side at this point. The Court highlights the phrase "at this point" because the Court will not be inclined to defer imposition of sanctions going forward when appropriate. Trial in this case is set to begin in six months and the Court therefore expects the parties to work together in a cooperative and efficient manner.

Accordingly, the Court ORDERS:

ORDER REGARDING MOTION TO
COMPEL DISCOVERY AND FOR
SANCTIONS - 2

1.    Defendant's motion to compel discovery, Dkt. 18, is DENIED as moot.

2.    The requests for sanctions lodged by Defendant, Dkts. 18, 20, and requested by Plaintiff, Dkt. 22, are DENIED.

3.    With trial set to start in six months, if the parties wish to consent to Magistrate Judge Tsuchida, they should advise his clerk, by July 11, 2022, at [Andy_Quach@wawd.uscourts.gov](mailto:Andy_Quach@wawd.uscourts.gov).

DATED this 5th day of July, 2022.

                                                              BRIAN A. TSUCHIDA
                                                              United States Magistrate Judge